UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO FAJARDO SANCHEZ MEDARDO (A#245-673-669)

Petitioner,

v.

WARDEN OF THE CALIFORNIA DETENTION CENTER,

Respondent.

No. 1:26-cv-07667-DC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Petitioner is a native and citizen of Guatemala who was arrested by Immigration and Customs Enforcement on August 26, 2026 following a traffic stop. ECF No. 5-1 (I-213 Form). The undisputed record in this case demonstrates that Petitioner was previously released on his own recognizance by ICE on December 26, 2023, premised upon either an explicit or implicit finding that he was not dangerous or a flight risk. ECF No. 5-1 at 6-8. Petitioner has no criminal record and is not subject to an administratively final order of removal. Although Respondent argues that Petitioner is a danger because he was pulled over driving a semi-truck without a commercial driver's license, Petitioner was never charged with this traffic offense. ECF No. 5 at

2. The record also demonstrates that the Department of Homeland Security failed to provide Petitioner with a Notice of Custody Determination until October 2, 2026 after he had been detained for over one month. ECF No. 5-1 at 5. Once he finally was served with this form, Petitioner requested a custody redetermination hearing before an immigration judge. Id.

Considering all of these factors, the undersigned finds that Petitioner's Fifth Amendment right to procedural due process was violated by his re-detention absent a pre-deprivation hearing. The Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. See Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); Altin v. Chestnut, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). For all these reasons, Petitioner is entitled to habeas relief.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on count one.[1]

2. Respondent be ordered to immediately release Petitioner ANTONIO FAJARDO SANCHEZ MEDARDO (A#245-673-669) from their custody and to return all of Petitioner's documents and possessions at the time of release.

3. Respondent be directed to file a notice certifying compliance with the above provisions within three (3) days from the date of any final order requiring release.

---

[1] In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed herein.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to:

a. Serve a copy of any release order on the California City Detention Facility; and,

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 13, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE